# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 50389 | **DATE** | 12/30/2011 |
| **CASE TITLE** | Warren vs. Berner Food & Beverage Inc. | | |

**DOCKET ENTRY TEXT:**

This case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii). This case is closed.

■ [ For further details see text below.]

Docketing to mail notices.

# STATEMENT

　　Plaintiff has filed an employment discrimination lawsuit pursuant to Title VII of the Civil Rights Act of 1964. Plaintiff has not paid the required filing fee and the court presumes that he wishes to proceed in forma pauperis. Under 28 U.S.C. § 1915(e)(2), the court must screen all in forma pauperis cases to determine, among other things, whether the action states a claim upon which relief may be granted.

　　A plaintiff must file suit in federal court within 90 days after the EEOC has closed its file and issued its right-to-sue letter. 42 U.S.C. § 2000e–5(f)(1). Plaintiff's complaint reveals that he received his right-to-sue letter on August 16, 2011. Plaintiff did not file his complaint until December 29, 2011 –more than 90 days after he received his right-to-sue letter. The notification from the EEOC clearly and unequivocally states: "Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice or your right to sue based on this charge will be lost." Thus, plaintiff has affirmatively pleaded that his claim is time-barred and, consequently, has failed to state a claim under Title VII on which relief may be granted. While, "a complaint need not anticipate or overcome affirmative defenses such as the statute of limitations," Hollander v. Brown, 457 F.3d 688, 691 n.1 (7th Cir. 2006), dismissal on the basis of an affirmative defense is appropriate if "the plaintiff pleads himself out of court by admit[ting] all the ingredients of an impenetrable defense." Covington v. Mitsubishi Motor Mfg. Of Am., Inc., 154 F. App'x 523, 524-25 (7th Cir. 2005) (quotation marks omitted) (applying 12(b)(6) standard to dismissal under § 1915(e)(2)(B)(ii)). "If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." Jones v. Bock, 549 U.S. 199, 215 (2007). Therefore, the court is obliged to dismiss this case pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii).